USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/29/2025__

7:25-cv-09797 - NSR
In Re: Culver

## MEMORANDUM ENDORSEMENT

The Court sets the following briefing schedule for the attached Motion to Strike Improper Designation from the Record on Appeal filed by Appellee (ECF No. 9):

(1) Appellant Culver is to serve and file an opposition by January 16, 2026; and
(2) Appellee Road Atlanta, Inc. is to serve and file any reply by January 30, 2026.

The Parties are directed to mail two hard copies of their papers to Chambers as they are served and to email a digital copy of their papers to Chambers as soon as practicable after filing.

Dated: December 29, 2025
White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: MICHAEL C. CULVER,<br><br>     Debtor,<br><br>Michael C. Culver,<br>     Appellant,<br> -v-<br><br>ROAD ATLANTA LLC,<br><br>     Appellee. | Case No. 7:25-cv-09797-NSR<br>Judge Nelson Stephen Roman<br><br><br>APPELLEE'S MOTION TO STRIKE<br>IMPROPER DESIGNATION FROM THE<br>RECORD ON APPEAL |

### APPELLEE'S MOTION TO STRIKE IMPROPERLY DESIGNATED ITEMS FROM THE RECORD ON APPEAL

Appellee, ROAD ATLANTA LLC **("Road Atlanta")** hereby submits this motion (this "**Motion**") pursuant to Rule 8009(e)(1) of the Federal Rules of Bankruptcy Procedure, for the entry of an order striking that certain <u>Declaration of Michael Culver in Support of His Motion to Strip Judgment Liens Pursuant to Bankruptcy Code Section 522(f)</u> [Doc. No. 179] along with the eight (8) exhibits attached thereto thus, Exhibits A, B, C, D, E1, E2, E3, and F **("Exhibits A-F")** totaling 122 pages (cumulatively, **"Doc. No. 179")**, as an improper designation made by Appellant, Michael C. Culver (**"Michael Culver"**). Road Atlanta moves to strike said improper designation on the grounds that: (a) these documents were not in the trial record before the Bankruptcy Court at the time of trial; and (b) the Bankruptcy Court did not consider or rely upon these documents when the Court issued its <u>Memorandum of Decision</u> [Doc. No. 202] on October 17, 2025.

### PROCEDURAL BACKGROUND

1. On April 28, 2023, Michael Culver field for bankruptcy under Chapter 7 of Title 11 of the United Stated Code [Doc. No. 1].

2. On August 14, 2023, Michael Culver filed <u>Debtor's Motion to Avoid Judgment Liens as Impairing the Debtor's Exemption Pursuant to 11 U.S.C. Section 522(F) and for Declaratory Relief</u> [Doc. No. 14].

3. On September 14, 2023, Road Atlanta filed its <u>Objection to Debtor's Motion to Avoid Judicial Liens</u> [Doc. No. 25].

4. On July 29, 2025, Michael Culver filed a <u>Notice of Appeal</u> with this Honorable District Court [Doc. No. 189] (the **"First Appeal"**), which was assigned to The Honorable Cathy Seible, U.S. District Court Judge.

5. On August 18, 2025, the Bankruptcy Court conducted a trial (the **"Trial"**) to consider, among other things, Michael Culver's <u>Motion to Avoid Judgment Liens</u>, said [Doc. No. 14], and Road Atlanta's <u>Objection to Debtor's Motion</u>, said [Doc. No. 25].

6. On October 7, 2025, The Honorable Cathy Seible, U.S. District Court Judge, dismissed Michael Culver's First Appeal [*see* Doc. No. 201].

7. On October 17, 2025, the Bankruptcy Court issued its <u>Memorandum of Decision</u> [Doc. No. 202].

8. On October 22, 2025, the Bankruptcy Court entered its <u>Order Denying Motion to Avoid Liens Pursuant to Section 522(f)</u> [Doc. No. 203] (the **"Bankruptcy Court's Final Order"**).

9. On October 27, 2025, the Bankruptcy Court entered its <u>ERRATA Order Regarding Memorandum of Decision Denying Debtor's Motion to Avoid Judicial Liens</u> [Doc. No. 204], making certain mathematical corrections to the Bankruptcy Court's Final Order, said [Doc. No. 203].

10. On October 30, 2025, Michael Culver filed a <u>Notice of Appeal and Statement of Election</u> [ECF No. 1], appealing the Bankruptcy Court's Final Order to this Honorable District Court.

11. On November 11, 2025, Michael Culver filed <u>Debtor / Appellant Michael C. Culver's Designation of Record and Statement of the Issues to be Presented</u> [ECF 3], submitting therewith twenty-four (24) documents to the Record on Appeal.

12. On November 24, 2025, Road Atlanta filed its <u>Counter-Designation of Record on Appeal of Appellee, Road Atlanta, LLC</u> [ECF 4], adding seven (7) documents to the Record on Appeal that were not previously included with Michael Culver's designation.

13. On page two of said ECF 4, Road Atlanta included the following statement:

> Appellee reserves its right to supplement this statement within a reasonable time after docketing the appeal with the Clerk of the U.S. District Court for the Southern District of New York. Moreover, the Appellee reserves its right, under *Fed. R. Bankr. P.* 8009(e)(l), to strike improperly designated documents, namely Doc. No.: 179, not in the record of the trial before the bankruptcy court when it issued its <u>Memorandum of Decision</u>, dated October 17, 2025. *See In re Culver,* 2025 Bankr. LEXIS 2690 (Bankr. S.D.N.Y. 2025).

## **RELIEF REQUESTED**

14. By this Motion, pursuant to Bankruptcy Rule 8009(e)(1), Road Atlanta seeks the entry of the proposed order attached hereto as Appellant's Exhibit "A," thus striking Doc. No. 179 and Exhibits A-F thereto, in their entirety, from the Record on Appeal.

## **ARGUMENT**

15. Bankruptcy Rule 8009(e), provides in pertinent part, as follows:

> (1) . . . If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.
> …
> (3) . . . All other questions as to the form and content of the record must be presented to the court where the appeal is pending.

16. The Record on Appeal "should contain all documents and evidence bearing on the proceedings below and ***considered by the bankruptcy judge in reaching his decision*.**" *In re Chateaugay Corp.*, 64 B.R. 990, 995 (S.D.N.Y. 1986) (emphasis added) (quoting *Nahodil v. Rodman (In*

*re W.T. Grant Co.)*, 432 F. Supp. 105, 106 (S.D.N.Y. 1977) (interpreting Bankruptcy Rule 806, the predecessor of Bankruptcy Rule 8009)).

17. An item "can only be designated if the bankruptcy court ***actually considered*** these pleadings in rendering its ruling." *In re Digerati Techs.*, 531 B.R. 654 (Bankr. S.D. Tex. 2015) (emphasis added) (citing *In re Chateaugay Corp.*, 64 B.R. at 995).

18. Where the items in dispute are pleadings filed on the bankruptcy court docket, such items "can only be designated [as part of the record on appeal] if the bankruptcy court ***actually considered these pleadings in rendering its ruling***." *Id*. at 663 (emphasis added).

19. It is apparent that the Record on Appeal is narrow in scope and should comprise only those items which the Bankruptcy Court was asked to consider (regardless of whether the item was actually considered). Doc. 179 was not considered, nor did the parties ask for the Bankruptcy Court it to considered it, as can be seen in the following excerpts from the Trial Transcript. In this excerpt, Mr. Kanter, representing Road Atlanta, asked the Court to exclude both the McEnroe Declaration [Doc. 178] and the Culver Declaration [Doc. 179]. The Court admitted Doc. 178 and excluded Doc. 179, as follows:

> Page 144
> Line 20    MR. KANTER: So for that reason, I would ask the Court to
> Line 21    exclude the McEnroe declaration and the Culver declaration.
> Line 23    THE COURT: Well, they're not asking for the
> Line 24    Culver declaration.
> Line 25    MR. KANTER: My point --
>
> Page 145
> Line 1     THE COURT: They only asked him for the McEnroe.
>
> Page 146
> Line 19    THE COURT: And again, this is only for the
> Line 20    McEnroe, not Mr. Culver.
>
> (See Trial Transcript excerpts attached hereto as Appellant's Exhibit "B.")

20. In summary, "[i]tems not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." *In re Candor Diamond Corp.*, 26 B.R. 844, 846-47 (Bankr. S.D.N.Y. 1983).

**WHEREFORE,** ROAD ATLANTA LLC, respectfully requests that the Court strike from the Record on Appeal the Declaration of Michael Culver in Support of His Motion to Strip Judgment Liens Pursuant to Bankruptcy Code Section 522(f) [Doc. No. 179] along with the eight (8) exhibits attached thereto thus, Exhibits A, B, C, D, E1, E2, E3, and F, as improperly designated items, and grant such further relief this Honorable Court deems equitable and just under the circumstances.

Dated: December 23, 2025

Respectfully Submitted by:

/s/ William Wohlsifer
William Wohlisfer, Esquire
**WILLIAM R. WOHLSIFER, PLLC**
9641 Tooke Shore Drive
Brooksville, FL 34613
Phone: (850) 524-5855
Email: william@infringement-attorney.com
*Counsel for Appellee*

## AFFIRMATION OF GOOD FAITH

Upon signing below, I hereby certify that counsel for movant has conferred with counsel for Appellant, via email, beginning on December 17, 2025, in good faith attempts to resolve this dispute without court action.

*/s/ William Wohlsifer*
William Wohlsifer, Esquire.
**WILLIAM R. WOHLSIFER, PLLC**
9641 Tooke Shore Drive
Brooksville, FL 34613
Phone: (850) 524-5855
Email: william@infringement-attorney.com
*Counsel for Appellee*

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re: MICHAEL C. CULVER,

                    Debtor,

Michael C. Culver,

                    Appellant,

    -v-

ROAD ATLANTA LLC,

                    Appellee.

---

Case No. 7:25-cv-09797-NSR
Judge Nelson Stephen Roman

ORDER GRANTING APPELLANT'S
MOTION TO STRIKE

---

**ORDER GRANTING APPELLANT'S MOTION TO STRIKE**
**IMPROPER DESIGNATION FROM THE RECORD ON APPEAL**

1. Under the Federal Rules of Bankruptcy Procedure, an appellant is required to designate items for inclusion in the record. *See* Fed. R. Bankr. P. 8009(a)(1). The appellee is also afforded the right to designate items for inclusion. *See* Fed. R. Bankr. P. 8009(a)(2). The entire point of this effort is to create a record for the appellate tribunal so that it may understand exactly what was considered, or able to be considered, by the trial court in reaching the decision on appeal.

2. On November 11, 2025, Appellant, Michael C. Culver, filed <u>Debtor / Appellant Michael C. Culver's Designation of Record and Statement of the Issues to be Presented</u> [ECF 3], submitting therewith twenty-four (24) documents to the Record on Appeal.

3. On November 24, 2025, Appellee, Road Atlanta LLC, filed its <u>Counter-Designation of Record on Appeal of Appellee, Road Atlanta, LLC</u> [ECF 4], adding seven (7) documents to the Record on Appeal that were not previously included with Michael Culver's designation.

4. On December 23, 2025, Road Atlanta LLC, filed <u>Appellant's Motion to Strike Improper Designation from the Record on Appeal</u>, asking this Court to strike Appellant's Doc. No. 179, and Exhibits A-F attached thereto from the Record on Appeal, as improperly designated documents, pursuant to Bankruptcy Rule 8009(e)(1), on the grounds that said items were not before the bankruptcy court at the time or trial, nor when it issued its <u>Memorandum of Decision</u>, dated October 17, 2025. *See In re Culver,* 2025 Bankr. LEXIS 2690 (Bankr. S.D.N.Y. 2025).

5. Under Fed. R. Bankr. P. 8009(e), this Court is tasked with settling any differences about "whether the record accurately discloses what occurred in the bankruptcy court" and resolving motions to strike items from the record on appeal. Fed. R. Bankr. P. 8009(e).

6. After reviewing Appellant's Motion, and the Trial Transcript excerpts attached thereto, the Court agrees that Appellant's Doc. No. 179, along with and Exhibits A-F attached thereto, were not before the Bankruptcy Court nor relied upon by the Bankruptcy Court at the time of trial, nor when issuing its <u>Memorandum of Decision</u> dated October 17, 2025.

7. Accordingly, the Defendant's Motion to Strike is hereby **GRANTED**, and the document designated by Appellants as Doc. 179, along with each exhibit thereto are hereby **STRICKEN** from the Record on Appeal.

**SO ORDERED.**

Dated: _____
      White Plains, New York

_____
NELSON S. ROMAN, U.S.D.J.

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 23-35334-cgm

Adv. Case No. 25-09002-cgm

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

MICHAEL C. CULVER,

          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

O'TOOLE,

               Plaintiff,

          v.

BROWNE,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court

355 Main Street

Poughkeepsie, NY 12601


August 18, 2025

10:00 AM


B E F O R E :

HON CECELIA G. MORRIS

U.S. BANKRUPTCY JUDGE


ECRO:   UNKNOWN

looking at Mrs. McEnroe's direct testimony that's filed on ECF?

MR. KANTER:  I'm going to object to that.  At the last hearing, the Court had -- we had that long discussion after the calendar.

THE COURT:  Mm-hmm.

MR. KANTER:  Mr. Culver had submitted a declaration, and Ms. McEnroe had submitted a declaration. And at that time, the Court mentioned that she was not going to consider the McEnroe declaration or the Culver declaration for the reasons that the Court had required Ms. Kirby to submit Ms. McEnroe's declaration in advance of the initial trial date.  She never did.  She only did it weeks, if not actually months, later.  I think she did it in July. She finally submitted the declaration of Ms. McEnroe, and the Court mentioned that it would not consider those declarations because they were untimely and they came literally on the eve -- well, not -- I think maybe the day of the last hearing.

So for that reason, I would ask the Court to exclude the McEnroe declaration and the Culver declaration. She had an --

THE COURT:  Well, they're not asking for the Culver declaration.

MR. KANTER:  My point --

THE COURT: They only asked him for the McEnroe.

MR. KANTER: Well, right, for the McEnroe declaration for the reasons that the Court mentioned, that it was untimely. It was late. And, you know, it was just -- again, as you mentioned, the games that were played in this case, you know, it just came --

THE COURT: I didn't mention that word. You did. Mr. Benowich.

MR. BENOWICH: Your Honor, as you know, I -- my -- I first appeared today, so I don't know the circumstances that Mr. Kanter's talking about. All I know --

THE COURT: It's been very contentious, Mr. Benowich. Just so you know.

MR. BENOWICH: Judge, I'm not a stranger to contention. But I came here this morning prepared to follow Your Honor's latest scheduling order --

THE COURT: Right.

MR. BENOWICH: -- which had Mr. Kanter going first. And as odd and as improper as Your Honor ultimately determined, we -- you know, we went in what I might consider a more normal process. But that wasn't how it was laid out until we got on the record this morning.

I would think that in the interest of fairness, since the -- he had -- the one thing Mr. Kanter hasn't said is that he's prejudiced by this, that it ought -- just not

ought to happen as a sanction, in essence.  So I would ask the Court to take it for what it's worth and what the Court determines its weight is.

THE COURT:  Mr. Kanter?

MR. KANTER:  Well, the prejudice was, in advance, I think Ms. Kirby --

THE COURT:  Well, let's not go back.

MR. KANTER:  But I'm just --

THE COURT:  You've now read it carefully.  Does it prejudice you in any way?

MR. KANTER:  Well, I really never read the McEnroe declaration because the Court had mentioned she's not -- I'm sorry, the Court mentioned --

THE COURT:  Yeah, but you could cross-examine her today.  So...

MR. KANTER:  Do you mind if I take a quick look?

THE COURT:  Yeah.  Go ahead, please do.

MR. KANTER:  All right.

THE COURT:  And again, this is only for the McEnroe, not Mr. Culver.

MR. BENOWICH:  Well, Judge, since you all were talking about the weather --

THE COURT:  Yes.

MR. BENOWICH:  -- if we could talk about something collateral?